IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LUIS GONZALEZ-MONTEJO,**

      Petitioner,

  v.                                    CASE NO. 2:16-cv-632
                                           CRIM. NO. 2:04-cr-101
                                           Chief Judge Edmund A. Sargus, Jr.
                                           Magistrate Judge Jolson

**UNITED STATES OF AMERICA,**

      Respondent.

## REPORT AND RECOMMENDATION

      On June 30, 2016, Plaintiff filed a letter docketed as a Motion to Vacate under 28 U.S.C. § 2255, attempting to challenge his sentence as unconstitutionally imposed under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015). (Doc. 36).  In an order issued on July 11, 2016, the Court noted that, pursuant to the Southern District of Ohio's General Order 15-03, Petitioner's court-appointed counsel reviewed the case for possible action under *Johnson* and, on June 21, 2016, provided notice that counsel would not be filing a habeas action on Petitioner's behalf.  (Doc. 37).  Nevertheless, the Court indicated that, if Petitioner intended to pursue an action under 28 U.S.C. § 2255, he must do so by submitting a form for the filing of a § 2255 petition, indicating the basis for his claim(s), and the facts in support.  (*Id*. at 1 (citing Rule 2 of the Rules Governing Section 2255 Cases for the United States District Courts)).  The Court directed that the Clerk provide Petitioner with a copy of the form and ordered Petitioner to file it within ten days.  (*Id*.).  The Court warned Petitioner that "[t]he failure to do so may result in the dismissal of this action."  (*Id*.).

      Over thirty days have passed since the Court issued its order, and Petitioner has not filed the required form or sought an extension of time in order to do so.  Thus, it appears that Petitioner no

longer intends to pursue his § 2255 action.  The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure.  Based upon the foregoing, the Court RECOMMENDS that this action be dismissed.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  August 16, 2016  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE